### UNION NAT. BANK OF KANSAS CITY, MO., v. NEILL.

(Circuit Court of Appeals, Fifth Circuit. December 11, 1906.)

#### No. 1,547.

BANKRUPTCY—REVIEW—FORM OF PROCEEDING.

Bankruptcy Act July 1, 1898, c. 541, § 25, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432], provides that appeals, as in equity cases, may be taken in bankruptcy proceedings from the courts of bankruptcy to the Circuit Court of Appeals in specified cases, including a judgment allowing or rejecting a debt or claim of $500 or more. *Held* that, where a decree rejected a claim for $30,000 which petitioner offered to prove against the bankrupt's estate, petitioner's remedy was by appeal, and, having obtained relief by appeal, his petition to superintend and revise should be dismissed.

[Ed. Note.—Appeal and review in bankruptcy cases, see In re Eggert, 43 C. C. A. 9.]

Petition for Revision of Proceedings of the District Court of the United States for the Western District of Texas.

M. L. Crawford (W. I. Ford and W. L. Crawford, Jr., on the brief), for petitioner.

C. A. Keller, for respondent.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

SHELBY, Circuit Judge. This is a petition to this court invoking its jurisdiction to superintend and revise as matter of law a decree of the bankruptcy court. The decree in question is one rejecting a claim for $30,000 which petitioner offered to prove against the estate of A. F. Hardie & Co., bankrupts. The controversy was also brought to this court by appeal, and the opinion in the appealed case, which has just been handed down, shows a full statement of the proceedings in the court below. 149 Fed. 711.

Section 25 of the bankruptcy act of 1898 (Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]), provides that appeals, as in equity cases, may be taken in bankruptcy proceedings from the courts of bankruptcy to the Circuit Court of Appeals in certain specified cases; the third being "from a judgment allowing or rejecting a debt or claim of $500 or over." In this case the petitioner's proper remedy was by appeal, and on appeal the decree below has been reversed.

The petition is therefore denied, and the petitioner will be taxed with the costs.